**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SHANDELL MEIL GRIMBLE,** ) | |
| **ID # 622849,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:09-CV-1304-P-BH |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County capital murder conviction. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) Respondent is Rick Thaler, Director of TDCJ-CID.

On August 27, 1992, a jury found petitioner guilty of capital murder in Cause No. F92-39105-M, and he received a life sentence. (*Id.*) He unsuccessfully sought to overturn the conviction through the state appellate and habeas processes. (*Id.* ¶¶ 3-4.) He also filed an untimely prior federal habeas petition challenging his conviction. *See Grimble v. Quarterman*, No. 3:04-CV-2378-N (N.D. Tex. filed Nov. 5, 2004).

Because petitioner has filed a prior federal petition to challenge the same conviction challenged in this action, the Court must consider whether it has jurisdiction.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

If petitioner's § 2254 petition constitutes a second or successive petition, this Court cannot exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Under Fifth Circuit precedent, a petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. However, a subsequent federal petition is not considered successive within the meaning of § 2244(b) unless it attacks "the same conviction" previously challenged through a federal habeas petition. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] Furthermore, a petition that is literally second or successive is not a second or successive application for purposes of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive

---

[1] Notably, although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

2

when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner challenges the same 1992 capital murder conviction that he challenged in his prior federal petition, which was dismissed as untimely. Under *Hardemon* and *Crone*, petitioner was required to present all available claims in his prior federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises ineffective assistance of counsel claims that were or could have been raised in petitioner's prior petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive

3

application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

### III. RECOMMENDATION

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 10th day of September, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                     IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE